UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:06CR564 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | |
| CHANTEZ MOORE, | ) | OPINION AND ORDER |
| Defendant. | ) ) ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant's Motion to Reduce Sentence under Section 404 of the First Step Act. (ECF #218). For the following reasons, the Court **DENIES** Defendant's Motion to Reduce.

On January 19, 2007, Defendant Chantez Moore pleaded guilty to one Count of Conspiracy to Distribute 5 or More but Less than 50 Grams of Cocaine Base and one Count of Distributing 5 or More Grams of Cocaine Base for distributing 13.96 grams of crack cocaine. (ECF #41, PageID 150). On June 6, 2007, the Court sentenced Moore to 92 months on each Count to be served concurrently with supervised release of four years on each count to be served concurrently. (ECF #86).

On September 30, 2008, the Court granted Moore's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3852 and reduced his sentence from 92 months to 77 months. (ECF #140). On February 16, 2012, the Court granted Moore's Motion to Reduce Sentence Regarding Crack Cocaine Offense under 18 U.S.C. § 3852

and reduced his sentence from 77 months to 60 months, with four years of supervised release to follow. (ECF #157).

With reductions, Moore completed his term of imprisonment in June of 2012. On November 7, 2012, the Court received a Violation Report and issued a Summons for Hearing after the disposition of a state case for another drug offense. (ECF #168). The state court sentenced him to six years in prison. *See* Docket, Cuyahoga Cty. C.P. No. CR-12-568180. On August 15, 2013, Moore admitted to the violation of his supervised release and the Court revoked his release. (ECF #178). On August 19, 2013, the Court sentenced Moore to 36 months custody of the Bureau of Prisons, with 12 months to run concurrently with his state sentence and 24 months consecutively. (ECF #179).

On May 24, 2019, Moore filed the instant Motion to Reduce Sentence under Section 404 of the First Step Act. (ECF #218). Moore argues that because the Supreme Court recognizes supervised release revocation sentences as part of the punishment for the original offense, he is entitled to a reduction of his supervised release violation sentence. Additionally, Moore argues that because his initial offense was reduced from a Class B to a Class C felony by the Fair Sentencing Act, the maximum supervised release violation sentence allowable is the two-year maximum for a Class C felony. Moore has already served his six-year state sentence and is in the midst of his consecutive, two-year federal sentence. In moving for a reduction, Moore seeks to have his concurrent one year counted against his supervised release violation sentence, and then to have one year removed from his consecutive sentence.

In its Opposition, the Government concedes that Moore is eligible for a reduction of his supervised release sentence. (ECF #220). The Government recommends that the Court exercise its discretion as permitted by the First Step Act and deny Moore's Motion for Reduction because

he has violated the Court's trust by committing additional drug offenses while on supervised release. The Government also contends that the sentence ultimately imposed on Moore amounts to a two-year term of federal imprisonment because one year of his total sentence ran concurrent to Moore's state sentence. In the alternative, the Government suggests that if the Court does exercise its discretion to modify Moore's sentence, the Court should modify the sentence by eliminating the concurrent sentence.

In his Reply in Support, Moore reiterates that he is eligible for a reduction under the First Step and makes note of the Government's agreement. (ECF #221). He also reiterates that the maximum supervised release violation sentence for his underlying crack offense is two years as modified by the Fair Sentencing Act of 2010.

In ruling on this Motion, the Court ordered the parties to submit cross-briefs on the issue of whether Moore's prior sentencing reductions would have any impact on his eligibility for relief under the First Step Act. (ECF #227). In its Response to the Court's Order (ECF #229), the Government states that, despite his prior sentencing reductions, Moore is eligible for relief under the First Step Act. However, the Government still requests that the Court exercise its discretion to decline to reduce Moore's sentence. In his response to the Court's order (ECF #230), Moore agrees that he is eligible for relief and that relief under the Fair Sentencing Act would be consistent with Congress's intent when passing the First Step Act.

## **LAW AND ANALYSIS**

Section 404 of the First Step Act allows courts to exercise their discretion to reduce sentences for covered offenses if the Fair Sentencing Act of 2010 reduced the statutory penalties for that offense as if the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act of 2018, PL 115-394, Dec. 21, 2018, 132 Stat 5194 (hereafter "First

Step Act"), § 404(b). A "covered offense" means "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010…that was committed before August 3, 2010." *Id.* at § 404(a) (internal citations omitted).

There are a few limitations before a court may reduce a sentence under the First Step Act. Specifically, a court cannot reduce a sentence (1) if the court previously reduced defendant's sentence under the Fair Sentencing Act; or (2) if a defendant previously moved under the First Step Act and a court denied the defendant's motion on the merits. First Step Act, § 404(c). Further, a court's decision to reduce a sentence is discretionary with the court. *Id.* ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section").

Section 2 of the Fair Sentencing Act reduced the statutory penalties for crack cocaine offenses by amending 21 U.S.C. § 841(b)(1) to change the sentencing ranges for the weight of crack cocaine from 50 grams to 280 grams in subparagraph A(iii) and from 5 grams to 28 grams in subparagraph B(iii). Fair Sentencing Act § 2. In 2006, § 841(b)(1)(B)(iii) provided for a sentencing range of 5 to 40 years in prison and four years of supervised release if the offense involved 5 grams or more but less than 50 grams of crack cocaine. Because the maximum penalty was 25 years or more, the offense was a Class B felony. 18 U.S.C. 3559(a)(2). The maximum penalty for violation of supervised release for a Class B felony is three years in prison. 18 U.S.C. § 3583(e)(3).

The offenses with which Moore was then charged would be Conspiracy to Distribute 28 grams or more but less than 280 grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and Distribution of 28 or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) as amended today. If charged today, Moore would face an offense involving less than 28 grams of crack cocaine, which carries a penalty range of zero to

20 years in prison and three years of supervised release. 21 U.S.C. § 841(b)(1)(C). The maximum penalty for the offense is between 10 and 25 years, so the offense is a Class C felony. 18 U.S.C. § 3559(a)(3). The maximum penalty for violating supervised release for a Class C penalty is two years in prison. 18 U.S.C. § 3583(e)(3).

The Supreme Court held that supervised released revocation sentences are part of the punishment for the original offense. *Johnson v. United States*, 529 U.S. 694 (2000). In *Johnson*, the Court concluded that "postrevocation sanctions [are] part of the penalty for the initial offense." *Id.* at 700. Since he is serving a supervised release revocation term as punishment for his original crack cocaine offense, Moore is eligible for First Step Act relief because his supervised release violation sentence is a sentence "imposed . . . for a covered offense." First Step Act § 404(b).

As modified by the Fair Sentencing Act, Moore's original crack cocaine offense is now a Class C felony because the statutory penalty for someone who possessed 13.96 grams of crack cocaine is between zero and 20 years. 21 U.S.C. § 841(b)(1)(C). The maximum supervised release revocation sentence that a court may impose for violating a Class C felony is two years.

The Government agrees with Moore that he is eligible for relief under the First Step Act, but argues that if the Court finds the maximum revocation sentence to be two years and exercises its discretion to modify Moore's sentence, the Court should modify the sentence by reducing it by the one year served concurrently in state prison and should leave the remaining two consecutive years. Moore urges the Court to exercise its discretion to modify his sentence by reducing it by one year from the consecutive two-year sentence imposed. Moore has already served his concurrent sentence in state prison and is serving the first year of his consecutive two-year sentence.

In *United States v. Coneway*, the Southern District of Georgia had previously reduced Coneway's initial crack offense sentence pursuant to Sentencing Guidelines amendments. *United States v. Coneway*, 2019 WL 4132559 at *1. Four years after his release from prison, Coneway violated his supervised release when he was arrested with a trailer carrying 662 pounds of marijuana. *Id.* In *Coneway*, the Southern District of Georgia explicitly found that supervised release violations may not be reduced pursuant to the First Step Act and denied Coneway's motion for reduction.

In *United States v. Green*, the Middle District of Florida had previously reduced Green's sentence pursuant to a sentencing guidelines amendment. *United States v. Green*, 2019 U.S. Dist. LEXIS 181717 at *2. Green committed a number of violations of his supervised release, including domestic violence and testing positive for methamphetamine, four years after he was released from prison. *Id.* These violations led to the revocation of his supervised release and a prison sentence of 46 months. *Id.* In *Green*, the Middle District of Florida found that it was unnecessary to determine Green's First Step Act reduction eligibility because the court was declining to exercise its discretion to reduce his sentence. *Id.* at *3. In declining to exercise its discretion, the court held Green's post-conviction conduct was "a disrespect for the trust this Court put in him [that] raises serious concerns regarding recidivism and the safety of those around him." *Id.* at *4. The court went on to cite *United States v. Hoover*, No. 3:08-cr-00123 (D. Alaska), and *United States v. Plumley*, 2019 U.S. Dist. LEXIS 101361, as cases supporting a "breach of trust" as grounds to deny a reduction.

Moore violated his supervised release only four months after completing his prison sentence. His violation was based on drug charges, the same type of offense that put him in prison in the first place. When he was arrested after his initial term of imprisonment, Moore was

uncooperative with police officers and was carrying almost $5,000 in cash, six cell phones and 19 grams of heroin. (ECF #168, PageID 642). Considering this conduct, the Court declines to exercise its discretion, as Moore's conduct represents "a disrespect for the trust this Court put in him [that] raises serious concerns regarding recidivism and the safety of those around him." *Green*, 2019 U.S. Dist. LEXIS 181717 at *4.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Reduce Sentence under Section 404 of the First Step Act. Moore's post-conviction violation conduct came just four months after he completed his prison sentence. This violation shows a disrespect for the Court and a breach of the Court's trust.

**IT IS SO ORDERED.**

**/s Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: November 27, 2019**